Filed 2/3/23  P. v. Robins-Bailey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096147 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF04797, 21CF01305, 21CF06456) |
| v. | |
| SHYLAH ROBINS-BAILEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Shylah Robins-Bailey has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we will affirm.

## I.  BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In case No. 20CF04797 (case No. 4797), defendant (along with codefendants who are not parties to this appeal) was charged with home invasion robbery in concert (Pen.

1

Code, §§ 211, 213, subd. (a)(1)(A)[1]—count 1), possession of a controlled substance for sale (Health & Saf. Code, § 11351—count 6), transportation of a controlled substance for sale (Health & Saf. Code, § 11352, subd. (a)—count 7), misdemeanor driving under the influence of a drug (Veh. Code, § 23152, subd. (f)—count 8), and being an accessory to a felony (§ 32—count 9). With respect to count 1, it was further alleged a principal in the offense was armed with a firearm. (§ 12022, subd. (a)(1).)

In case No. 21CF01305 (case No. 1305), defendant was charged with unlawful possession of ammunition (§ 30305, subd. (a)(1)—count 1), being a felon in possession of a firearm (§ 29800, subd. (a)(1)—count 2), and misdemeanor receipt of stolen property (§ 496, subd. (a)—count 3). It was further alleged defendant committed counts 1 and 2 while released on her own recognizance in case No. 4797. (§ 12022.1.)

In July 2021, defendant pled no contest in case No. 4797 to being an accessory to a felony and misdemeanor driving under the influence and in case No. 1305 to being a felon in possession of a firearm. The remaining allegations were dismissed with a *Harvey* waiver.[2]

In December 2021, the trial court found defendant to be eligible for drug court, imposed drug court conditions, and released her on her own recognizance. Later that month, the probation department filed a petition alleging defendant had failed to comply with her release conditions, including testing positive for drugs and failing to take a required drug test.

In case No. 21CF06456 (case No. 6456), defendant was charged with bringing contraband into jail. (§ 4573, subd. (a).) She pled guilty to the charge in January 2022.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal. 3d 754.

In March 2022, the trial court sentenced defendant to state prison for an aggregate term of four years four months, as follows: (1) in case No. 6456 to the middle term of three years for bringing contraband into jail; (2) in case No. 1305 to eight months consecutive (or one-third the middle term) for being a felon in possession of a firearm; and (3) in case No. 4797 to eight months consecutive (or one-third the middle term) for being an accessory to a felony, plus six months concurrent for driving under the influence of a drug. In imposing sentence, the court noted it had considered defendant's youth at the time of her crimes in case Nos. 1305 and 4797 (i.e., younger than 26 years old), but determined the lower term was not in the interest of justice because the aggravating factors outweighed the mitigating factors. (§ 1170, subd. (b).) The trial court also imposed various fines and fees.

Defendant did not obtain a certificate of probable cause on appeal.

## II. DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## III. DISPOSITION

The judgment is affirmed.

3

/S/

_____
RENNER, J.


We concur:


/S/

_____
HULL, Acting P. J.


/S/

_____
McADAM, J.*

_____

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4